**EXHIBIT A: PROPOSED FORM OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS TO MASTERCARD INCORPORATED**

4

## **DEFINITIONS**

The definitions, rules of construction, and instructions set forth in the Federal Rules of Civil Procedure apply to the Requests.  All definitions apply throughout without regard to capitalization.  In addition, the following terms are defined as follows:

A.      "You," "Your," and "Mastercard" mean Mastercard Incorporated and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, funds, portfolios, and portfolio companies, and includes, without limitation, each of their current or former investment advisors, investment managers, directors, trustees, governors, overseers, officers, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, departments, bureaus, branch officers, agents, attorneys, representatives, officials, and all other persons or entities acting or purporting to act on their behalf.

B.       "Mrs. Bellosta" means Mrs. Carolina Elizabeth Várady de Bellosta (maiden name: Carolina Elizabeth Várady Ostos; date and place of birth: ▮▮▮▮, 1955, San Cristobal, Venezuela), plaintiff in the Curaçao Proceeding, and wife of Mr. Bellosta.

C.      "Mr. Bellosta" means Mr. Carlos Marcelino Jose Bellosta Pallares (date and place of birth: ▮▮▮▮, 1951, Barquisimento, Venezuela), one of the defendants in the Curaçao Proceeding, and husband of Mrs. Bellosta.

D.      "Caterpillar Crédito" means Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regualada, one of the defendants in the Curaçao Proceeding.

E.      "Curaçao Proceeding" means the litigation initiated by Mrs. Bellosta against Mr. Bellosta and Caterpillar Crédito on April 6, 2022 before the Court of First Instance of Curaçao to annul two personal guarantees given by Mr. Bellosta to Caterpillar Crédito.

5

F.      The terms "Document(s)" and "Record(s)" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  Without limiting the generality of the foregoing, the terms "Documents" and "Records" include both hard copy documents or records as well as electronically stored data files, including e-mail, instant messaging, shared network files, and databases.  With respect to electronically stored data, "Documents" and "Records" also include, without limitations, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.  A draft or non-identical copy is a separate document within the meaning of this term.

G.      "Requests" means the document requests set forth below and "Request" means any one of these Requests.

The terms defined above and the individual Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

## **INSTRUCTIONS**

1.      Produce all Documents and Records in Your possession, custody or control that are described in the Requests set forth below, wherever they may be located.  Such Documents and Records shall be produced in the manner in which You maintain them in the ordinary course of business.

2.      The Documents and Records which You must produce include not only Documents and Records which You presently possess, but also Documents and Records which are in the possession or control of Your attorneys, accountants, or anyone else acting on Your behalf. A Document or Record is within Your control if You have the right to secure the Document or

Record or a copy thereof from another person having possession or custody of the Document or Record, including Documents and Records maintained at any of Your present or former offices, at Your attorneys' offices, or elsewhere.

3.      Documents attached to each other should not be separated.

4.      You shall produce the original of each Document and Record described below or, if the original is not in Your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

5.      With respect to any Document or Record maintained or stored electronically, please harvest them in a manner that maintains the integrity and readability of all data.

6.      Please produce all Documents and Records maintained or stored electronically in native, electronic format with all relevant metadata intact.   Encrypted or password-protected Documents and Records should be produced in a form permitting them to be reviewed.

7.      Documents and Records stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

8.      Please organize electronic Documents and Records produced for inspection in the same manner that you store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

9.      To the extent responsive Documents and Records reside on databases and other such systems and files, you are requested to produce the relevant database in usable form and/or permit access for inspection, review, and extraction of responsive information.

10.      These Requests require production of paper Documents and Records in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the Requests set forth below.  If you choose the former method, the Documents and Records are to be produced in the boxes, file folders, binders and other containers in which the documents and records are found.  The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

11.      At your election, Documents and Records maintained or stored in paper, hardcopy form can be produced as searchable PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto a USB 3.0 external hard drive).

12.      Pursuant to Fed. R. Civ. P. 26(b)(5) and 45(e)(2), if any Document or Record responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such Document or Record: (a) the type of Document or Record (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (b) the Document or Record's general subject matter; (c) the Document or Record's date; (d) its author; (e) its addressees, if any; (f) any other recipients of the Document or Record; (g) the relationship of the author, addressees, and recipients to each other; (h) the author's title or position; and (i) the basis for the privilege objection.

13.      Each Document and Record requested should be produced in its entirety and without deletion, redaction or excision, except as qualified for privileged Documents or Records

in Instruction 12 above, regardless of whether You consider the entire Document or Record or only part of it to be relevant or responsive to these Requests. If You redact any portion of a Document or Record, stamp the word "REDACTED" beside the redacted information on each page of the Document or Record that You redact. Any redactions to Documents or Records produced should be identified in accordance with Instruction 12 above.

14.     Each Request shall be construed independently and not in reference to any other Request for the purpose of limitation or exclusion.

15.     No part of a Request shall be left unanswered merely because an objection was interposed to another part of the Request. In objecting to any Request herein, You shall state the specific grounds for the objection and which Documents or Records will be withheld and which Documents or Records will be produced notwithstanding such objections. Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown. If You object to any particular portion of any Request herein, You are nevertheless required to produce Documents and Records in response to all other portions of such Request as to which there is no objection.

16.     If you are unable to answer any Request, the reasons for your inability to answer shall be separately stated in detail for each Request.

17.     If there are no documents or information responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

18.     In the event that any Document or Record called for hereby was formerly in Your possession, custody, or control and has been lost or destroyed, that Document or Record is to be identified in writing as follows: (i) addressor, addressee, person who prepared or authorized the Document or Record, indicated or blind copies; (ii) date of preparation or transmittal; (iii) subject

9

matter; (iv) number of pages, attachments, or appendices; (v) all persons to whom distributed; (vi) date of loss or destruction; and (vii) if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction, and persons who destroyed the Document or Record.

19.     The following terms in any Request shall be construed as expansively as possible:

     a.     "and" as well as "or" shall be construed conjunctively as well as disjunctively;

     b.     "any" shall be construed to include "all" and vice versa;

     c.     "including" shall have its ordinary meaning and shall not indicate limitations to the examples or items mentioned;

     d.     "every" shall be construed to include "each" and vice versa; and

     e.     all terms shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly literal or otherwise restrictive manner.

20.     Unless otherwise stated in a specific Request, these Requests seek responsive information, Documents, and Records authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning or in effect during the relevant time periods.

21.     All definitions set forth above are in addition to the defined words' standard meanings. If You contend that You do not understand the definition of the term or phrase used in any Request, You should respond to that portion of the Request that You do understand and explain what it is that You do not understand with regard to the remainder of the Request. If You believe that any Request is overbroad in part, You should respond to that portion of the Request that You do not consider overbroad and explain why You believe the remainder is overbroad.

## <u>DOCUMENTS REQUESTED</u>

### <u>REQUEST NO. 1</u>

Monthly account statements and all other Records, from October 16, 2014 to October 11, 2017, of all credit/debit cards held individually or jointly by Mrs. Bellosta, including, but not limited to, all records of deposits, withdrawals, and other transaction history as well as documents sufficient to demonstrate the form and date of deposits and withdrawals and the identity of any individual making those deposits or withdrawals.

### <u>REQUEST NO. 2</u>

Monthly account statements and all other Records, from October 16, 2014 to October 11, 2017 and April 1, 2021 to present, of all credit/debit cards held individually or jointly by Mr. Bellosta, including, but not limited to, all records of deposits, withdrawals, and other transaction history as well as documents sufficient to demonstrate the form and date of deposits and withdrawals and the identity of any individual making those deposits or withdrawals.