UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

In re Application of CATERPILLAR CRÉDITO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, ENTIDADA REGUALADA for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding

Misc. No. 22-mc-412-GBW

## MEMORANDUM ORDER

Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regulada ("CAT" or "Applicant") has applied, pursuant to 28 U.S.C. § 1782, for leave to serve subpoenas on Mastercard Incorporated ("Mastercard") and Visa Inc. ("Visa"), seeking records for use in an action pending in the Court of First Instance of Curaçao ("Curaçao Proceeding"). D.I. 1 (the "Application"). For the reasons below, the Application is GRANTED-IN-PART and DENIED-IN-PART.

### I. BACKGROUND[1]

The Curaçao Proceeding was brought by Carolina Elizabeth Varady de Bellosta ("Mrs. Bellosta") to annul two personal guarantees executed by her husband Carlos Marcelino Bellosta Pallares ("Mr. Bellosta"). D.I. 2 at 1. Mrs. Bellosta alleges that the guarantees are unenforceable under Curaçao law because Mr. Bellosta signed them without her consent. *Id.* In

---

[1] The Court writes for the benefit of the Applicant and parties-in-interest. A robust background is provided in the S.D.N.Y. Report and Recommendation, docketed as D.I. 18-1 (*In re Application of Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regulada For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding*, Case No. 22-mc-273-JGK-BCM, D.I. 25 ("SDNY Report and Recommendation") (S.D.N.Y. May 24, 2023)).

1

this Court, CAT seeks credit and debit card records from Mastercard and Visa to "show that Mr. Bellosta was not habitually residing in Curaçao when Mrs. Bellosta filed her complaint, and—contrary to her allegations in the Curaçao Proceeding—Mrs. Bellosta likewise was not a resident of Curaçao at the time Mr. Bellosta issued the Personal Guarantees." *Id.* at 2.

## II.   LEGAL STANDARD

Section 1782 of Title 28 authorizes a district court, "upon the application of any interested person," to "order" a person "resid[ing]" or "found" in this district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). In accordance with *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the Court follows a two-step process to determine whether to grant judicial assistance under 28 U.S.C. § 1782. First, the court analyzes whether § 1782 authorizes the requested discovery. *Id.* at 263-64. Three statutory requirements must be met for this Court to have authority to compel discovery under § 1782(a): (1) the party from whom discovery is sought must reside or be found in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by an interested person. *Id. See also Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. §1782*, No. 18-MC-117-RGA, 2018 WL 5268125, at *1 (D. Del. Oct. 23, 2018).

If a district court has the authority to compel the production of evidence under § 1782(a), whether to do so becomes a matter of discretion. *Intel*, 542 U.S. at 264. Factors that inform this discretion are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3)

whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65.

Courts must also bear in mind the twin aims of § 1782(a): "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

### III. ANALYSIS

#### A. Statutory Requirements

CAT asserts it has met the three statutory requirements under § 1782. First, it is uncontested by the Bellostas that Mastercard and Visa are incorporated under the laws of Delaware and that CAT, as the defendant in the Curaçao Proceeding, is an interested party. D.I. 2 at 9-10; D.I. 6 at 7-8.

The second statutory requirement—whether the discovery thought is "for use" in the foreign proceeding—is contested. The Bellostas assert in their Response and Objections to Petition's Application for Discovery, D.I. 6, that the proposed subpoenas seek (1) broad discovery that is irrelevant to the Curaçao Proceeding, and (2) discovery sought is actually for use in the International Chamber of Commerce arbitration ("ICC Arbitration").

The Court will first address the Bellostas' contention that the subpoenas are a means to invoke a fishing expedition. CAT asserts that the Bellostas' financial records from Mastercard and Visa will help it show that (i) Mr. Bellosta was not a resident of Curaçao when Mrs. Bellosta brought her complaint in the Curaçao Proceeding, and thus that the Curaçao Court lacks jurisdiction; and that (ii) Mrs. Bellosta herself was not a "habitual resident" of Curaçao when Mr. Bellosta gave the Personal Guarantees, and thus cannot rely on Curaçaoan law to annul them. D.I. 2 at 14. CAT argues that the discovery sought is "likely to indicate (1) the shops,

3

restaurants, dry cleaners, etc., which they frequented individually or together and, therefore, the extent to which they were physically located in Curaçao, and (2) the billing address for the credit or debit card statements which will also be indicative of Mr. and Mrs. Bellosta's residence." D.I. 2 at 8.

"Federal courts interpret the 'for use' phrase liberally, to include 'any materials that can be made use of in the foreign proceeding to increase [the applicant's] chances of success.'" *In re the Application of Sauren Fonds-Select SICAV v. For Discovery Pursuant to 28 U.S.C. § 1782*, No. 216-CV-00133-SDW-LDW, 2016 WL 6304438, at *3 (D.N.J. Oct. 26, 2016) (quoting *Mees v. Buiter*, 793 F.3d 291, 299 (2d Cir. 2015)). CAT has shown that the evidence sought will be used for purposes of determining residency and thus increase their "chances of success" in the Curaçao Proceeding. The Court need not and should not consider the discoverability or admissibility of the information in the foreign forum when making its determination. *See Intel*, 542 U.S. at 260.

The Court will next turn to the Bellostas' pretextual argument. CAT filed the ICC Arbitration in February 2022 seeking to enforce approximately $120 million in alleged personal guarantees by Mr. Bellosta. D.I. 6 at 1. The Supreme Court held that arbitrations are not "foreign tribunals" under 28 U.S.C. § 1782. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2091 (2022). This Court agrees with the reasoning in the Report and Recommendation, D.I. 18-1, which found this particular argument unpersuasive. *See* SDNY Report and Recommendation at 13. Even so, the Court can "tailor [the] requested discovery to avoid attendant problems . . . by limiting CAT's use of the Bellostas' [financial] records to the Curaçao Proceeding." *Id.* at 13-14.

4

### B. *Intel* Factors

#### 1. First Factor

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding, . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264. The Supreme Court has recognized that the need for U.S. court assistance is most apparent where the § 1782 respondent is not a party to the foreign action and not otherwise within the jurisdiction of the foreign court. *See Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Visa and Mastercard are not parties to the Curaçao Proceeding. The Bellostas argue in their Objections that "[t]heir own banking, financing, and investment records are in their possession, custody, and control, and could be obtained directly from them in the foreign proceeding." D.I. 6 at 19-20.

First, the Court agrees with CAT that § 1782 application seeking discovery from banks in aid of foreign suits are not uncommon. *See Lopes v. Lopes*, 180 F. App'x 874, 877 (11th Cir. 2006) (granting § 1782 for financial information about party to foreign suit); *In re Lake Holding*, 2021 WL 2581427, at *17 (S.D.N.Y. June 23, 2021) (same); *In re Penner*, 2017 WL 5632658, at *2 (D. Mass. Nov. 22, 2017) (same).

The Bellostas did not agree to produce the documents sought in the pending subpoenas. The Bellostas admit that, even if they complied with discovery in the Curaçao Proceeding, there would be documents that were never in their personal possession. D.I. 6 at 15. They contend, however, that the documents *not* in their possession would merely be "records relating to marketing or internal analyses of their credit scores" and "wholly irrelevant to their location." D.I. 6 at 15. This Court cannot agree with the Bellostas' argument at this time. The SDNY

Report and Recommendation reasons "[the court] cannot conclude, in advance, that the only records that are responsive to the Proposed Subpoena and not in the Bellostas' personal possession are marketing brochures or credit score analyses. Consequently, [the court] decline[s] to accept their speculation that any such records would be 'wholly irrelevant' to the issues in this litigation." SDNY Report and Recommendation at 15. Similarly, this Court finds that the first factor weighs in favor of granting discovery.

### 2. Second Factor

The Bellostas primarily argue that Curaçao law "forbids" broad fishing expeditions. However, this is more related to the fourth *Intel* factor, which addresses overbreadth and burden. D.I. 6 at 15-16. The Applicant in this case filed a declaration of a legal expert from Curaçao that represents that there are "no Curaçao discovery rules or restrictions that would lead the Curaçao Court to look unfavorably" on the evidence sought here. D.I. 8 at 8. Thus, the second factor weighs in favor of granting discovery or, at worst, is neutral.

### 3. Third Factor

The third factor considers whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. The Magistrate Judge found that "the only evidence the Bellostas offer on this point is the conditionally phrased and entirely unsourced opinion of Mrs. Bellosta's attorney that 'a Curaçaoan court would disfavor the disclosure of this type of sensitive, personal information.'" SDNY Report and Recommendation at 17 n.8. The Magistrate Judge in SDNY thus found that the Bellostas failed to make a showing that the relevant discovery would be prohibited and, thus, the factor weighs in favor of granting discovery. *Id.* at 16-17. Similarly, in the Bellostas' briefing in this district, the Bellostas argue that CAT is filing parallel requests in

6

different districts. D.I. 6 at 16-18. The SDNY Report and Recommendation reasons that the discovery is specific to Amex and certain time frames, and there are no grounds to assume circumvention of proof-gathering restrictions or bad faith. SDNY Report and Recommendation at 16-17. Likewise, in the instant action, CAT's discovery requests of Visa and Mastercard are limited to the Curaçao Proceeding and the Bellostas have failed to show that CAT is seeking to circumvent discovery rules. Thus, the third factor weighs in favor of granting discovery.

### 4. Fourth Factor

The fourth factor is whether the discovery sought is unduly burdensome or broad. CAT seeks Mrs. Bellosta's [credit card] records for a three-year period, beginning on October 16, 2014 (one year before her husband signed the first Personal Guarantee) and ending on October 11, 2017 (one year after he signed the second Personal Guarantee). D.I. 1, Ex. 1 (Mastercard Proposed Subpoena, Request No. 1); Ex. 2 (Visa Proposed Subpoena, Request No. 1).

The Bellostas argue that "[h]er residency after the guarantees were signed is of no legal moment." D.I. 6 at 20. CAT responds that "[q]uibbling over one year of documents does not justify wholesale rejection of the subpoena." D.I. 8 at 10. This Court agrees with the SDNY Report and Recommendation that "both parties are right." SDNY Report and Recommendation at 20. As to Mrs. Bellosta, therefore, the subpoena should be limited to the period October 16, 2014 – October 11, 2016.

CAT also seeks Mr. Bellosta's records for the same three-year period, plus an additional year and a half. This would be April 6, 2021 to "the present," presumably meaning the filing date of the Application—September 26, 2022. D.I. 1, Ex. 1 (Mastercard Proposed Subpoena, Request No. 2); Ex. 2 (Visa Proposed Subpoena, Request No. 2). The Bellostas argue that Mr. Bellosta's physical location has "no bearing on [Mrs.] Bellosta's residency," and therefore that the "only

theoretically relevant period" for Mr. Bellosta's residency would be April 2021 through April 2022 for the purpose of jurisdiction. D.I. 6 at 24-25. CAT has no good response to this point. Thus, as to Mr. Bellosta, the subpoena will be limited to the period April 6, 2021 through April 6, 2022.

## IV. CONCLUSION

For the foregoing reasons, CAT's discovery application be GRANTED-IN-PART, DENIED-IN-PART. Request No. 1, seeking Mrs. Bellosta's records from Visa and Mastercard, is narrowed to the period October 16, 2014 through October 11, 2016. Request No. 2, seeking Mr. Bellosta's records from Visa and Mastercard, is narrowed to the period April 6, 2021 through April 6, 2022. CAT shall only use the Visa and Mastercard records in the Curaçao Proceeding.

Date: September 28, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

8